IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOANILEE MONTANEZ, | : | CIVIL ACTION |
| | : | NO. 19-3730 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| D. OBERLANDER, Superintendent at | : | |
| Sci-Forest, et al., | : | |
| | : | |
| Respondents. | : | |

# O R D E R

**AND NOW**, this **12th** day of **October, 2021,** upon consideration of the pro se and amended 28 U.S.C. § 2254 petitions for writ of habeas corpus filed by Petitioner Joanilee Montanez (ECF Nos. 1 & 14), the responses, the available state record, the Report and Recommendation of United States Magistrate Judge Henry S. Perkin (ECF No. 17) and Petitioner's objections thereto (ECF No. 18), it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. Petitioner's objections are **OVERRULED**;

3. The petition for a writ of habeas corpus is **DENIED AND DISMISSED with prejudice;**[1]

---

[1] Judge Perkin has adequately relayed the relevant facts, history, and law applicable in this case in his Report and Recommendation ("R&R"). There is no need for the Court to duplicate that information in full.

Petitioner was convicted of murder and related charges. He raises four issues in his petitions. However, he objects only to Judge Perkin's analysis of the second issue, which regards an allegation that trial counsel provided ineffective assistance by failing to seek the removal of an untruthful juror and also failing

---

to strike the same juror during voir dire.

The court has reviewed the portions of the R&R to which Petitioner did not object for clear error, and it has found none. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) ("[I]n the absence of objections . . . the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report"); Fed R. Civ. P. 72, 1983 advisory committee notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

The Court will now review de novo those portions of the R&R to which Petitioner has objected. 28 U.S.C. §636(b)(1)(C).

During voir dire, one of the jurors stated that: (i) he had previously served as a juror in another homicide matter; (ii) his son was a victim of a robbery; (iii) his cousin was a Philadelphia police officer; and (iv) when asked if he could be fair to both sides, answered "I guess so." Petitioner claims trial counsel should have struck the juror based on these statements.

On the second day of trial, this juror was late. He originally lied about why he was late, stating that he was involved in an accident, but later confessed he had overslept. The PCRA court explained that "[t]he juror was late. He was not completely forthright regarding the reason at first, but then admitted he overslept and promised to be on time (which he was for the duration of the trial)." PCRA Opinion at 11-12. Petitioner asserts that trial counsel should have sought removal of the juror based on this untruth.

Regarding the untruth, Judge Perkin concluded that "[t]he Superior Court reasonably determined that the juror's brief moment of dishonesty – stating that he was late because of an accident rather than admitting that he overslept – was not sufficient cause to remove him. Therefore, trial counsel was not ineffective for failing to seek his removal as there was no basis for removal." R&R at 14. Regarding the voir dire responses, Judge Perkin concluded that the claim was untimely.

Petitioner first argues that, in determining trial counsel had no basis to seek the removal of the juror and that Petitioner had failed to show the juror was incapable of rendering a fair and impartial verdict, Judge Perkin did not take into account the juror's answers during voir dire. Specifically, Petitioner claims

2

that since the juror lied about why he was late, he also could have lied when he said he guessed he could be fair to both sides. He claims that the juror should not have been removed merely for his "brief moment of dishonesty," but rather on the totality of the circumstances, and that by the time the juror lied, there was already reason to doubt his ability to be fair.

The Court will overrule this objection. None of the juror's statements during voir dire reflect on his ability to tell the truth and only base speculation links his "I guess so" response to the contention that he likely was not truthful in that answer and would not be impartial. As will be discussed more below, Petitioner's attempt to link the juror's voir dire answers to his unrelated untruth about why he was late is unavailing. The Court agrees with Judge Perkin's discussion and ultimate conclusion that there was no basis for trial counsel to seek removal of the juror on this ground and, thus, trial counsel did not provide ineffective assistance by failing to do so. See R&R at 12-14.

Second, Petitioner claims that Judge Perkin erred in concluding that his argument, that trial counsel should have struck the juror during voir dire, was untimely. This argument only appears in the amended petition and is untimely unless it relates back to the argument in the original petition that trial counsel was ineffective for failing to seek removal of the juror after he lied. Otherwise untimely amendments will relate back to the date of the original pleading if the amended pleading "arose out of the conduct, transaction, or occurrence," in the original pleading, Fed. Rule Civ. P. 15(c)(1)(B), and the two are "tied to a common core of operative facts." Mayle v. Felix, 545 U.S. 644, 664 (2005).

Analogizing Petitioner's claim to that in Mayle, Judge Perkin concluded the new claim did not arise out of the same occurrence as the original since: (1) the first claim involved an incident that occurred after trial had begun, while the second claim regarded a pre-trial incident, see Whitaker v. Superintendent Coal Township SCI, 721 F. App'x 196, 202 (3d Cir. 2018) (providing that the new claim did not relate back where it "focus[ed] on what happened before trial," whereas the original claim "concern[ed] his counsel's conduct at trial"); and (2) the voir dire answers did not appear in the original petition, and thus, Respondents had no notice of the new theory. See Glover v. F.D.I.C., 698 F.3d 139, 146 (3d Cir. 2012) ("[I]t is well-established that the touchstone for relation back is fair notice, because Rule 15(c) is premised on the theory that 'a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes

3

4. A certificate of appealability **SHALL NOT** issue, in that Petitioner has not made a substantial showing of the denial of a constitutional right nor demonstrated that reasonable jurists would debate the correctness of the procedural aspects of this ruling. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000); and

5. The Clerk of the Court shall mark this case **CLOSED** for statistical purposes.

**AND IT IS SO ORDERED.**

/s/ Eduardo C. Robreno
**EDUARDO C. ROBRENO, J.**

---

of limitations were intended to provide.'") (quoting Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 149 n.3 (1984)).

Petitioner contends that the new claim relates back to the original claim because both involve the same juror, the same concerns about the juror, and arguments of ineffective assistance due to failing to remove the juror. The Court disagrees that the claims involve the same concerns about the juror. The two incidents are distinct and separate. The original incident regards the juror's untruthfulness, while the new claim involves his ability to be impartial. Instead, the Court agrees with Judge Perkin's analysis of this issue and that, given the original petition provided no notice of the possibility of the new claim, the new claim does not relate back. See R&R at 16-18. Thus, the Court will overrule this objection as well.

The Court has carefully reviewed all of the briefings and related evidence, and agrees with Judge Perkin's conclusions. Therefore, the Court will adopt the R&R and overrule the objections.